IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABEL BRAVO, on behalf of himself, FLSA Collective Plaintiffs and the Class,<br><br>Plaintiff,<br><br>v.<br><br>ESTABLISHED BURGER ONE LLC, et al.,<br><br>Defendants. | 12 Civ. 9044 (DLC)(JCF)  |
| JOSE MARTINEZ, SERGIO CERQUEDA and ENRIQUE ALLENDE, on behalf of themselves, FLSA Collective Plaintiffs and the Class,<br><br>Plaintiffs,<br><br>v.<br><br>ESTABLISHED BURGER ONE LLC, et al.,<br><br>Defendants. | 13 Civ. 7532 (DLC)(JCF) |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/14

[~~PROPOSED~~] ORDER GRANTING (1) PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVE SERVICE AWARDS; (3) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

The Parties entered into a settlement totaling $210,000 on April 30, 2014 in a Settlement Agreement and Release (hereinafter "Settlement" or "Agreement")[1] and filed for preliminary approval of the settlement on the same date. Decl. of C.K. Lee in Supp. of Pls.' Unopposed Mot.

---

[1] All capitalized terms herein (unless otherwise defined), shall have the meanings ascribed to them in the Settlement Agreement and Release, dated April 30, 2014

1

for Certification of the Settlement Class, Final Approval of the Class Settlement and Approval of the FLSA Settlement ("Lee Decl.") ¶ 15.

On May 12, 2014, this Court entered an Order preliminarily approving the settlement on behalf of the class set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC as Class Counsel, and authorizing notice to all Class Members (the "Preliminary Approval Order"). Docket No. 91.

On August 29, 2014, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"). That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Awards ("Motion for Service Awards"). The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on September 12, 2014. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Awards, and the supporting declarations, the oral argument presented at the September 12, 2014 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the September 12, 2014 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters

2

relating thereto, and over all Parties.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in Section 4 of the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.

5. The Court confirms as final the appointment of Plaintiffs Abel Bravo, Jose Martinez, Sergio Cerqueda and Enrique Allende as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7. The Court finds that the Class Notice and Opt-Out Statement given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

8. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval to the Agreement and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.

9. The Court finds that the proposed settlement is procedurally fair because it was

reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

10. The settlement is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given the: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; (7) given that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

11. The Court also finds that the class's reaction to the settlement was positive. No Class Member objected to the settlement, and no Class Members of the 701 who received Notice timely opted out.

12. No Class Members submitted timely Opt-Out Statements, therefore no Class Members are deemed to have opted out of the settlement.

13. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

4

14. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $70,000, which is one-third of the Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable.

15. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $4,400, which expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

16. The Court approves and finds reasonable service awards for Named Plaintiffs Abel Bravo, Jose Martinez, Sergio Cerqueda and Enrique Allende in the amount of $10,000 each, in recognition of the services they rendered on behalf of the class. These amounts shall be paid from the Settlement Fund. $5,000 will be paid to each Plaintiff upon Court approval, and $5,000 will be paid to each Plaintiff from unclaimed residuals to the Settlement Fund.

17. The Court approves and finds reasonable the payment of the Claims Administrator's fees in the amount of $16,500 from the Settlement Fund.

18. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendants.

19. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 12th day of September, 2014.

_____
The Honorable James C. Francis, IV
United States Magistrate Judge

6